of the Civil Practice Act, it would have so stated, as it did in providing for stays granted by virtue of section 1436-a of the Civil Practice Act.

Common experience has demonstrated that a resentful tenant, unsuccessful in defending a possessory proceeding, will sometimes compel a landlord to resort to the services of a city marshal and his assistants to physically remove the tenant's personal property from the premises in executing a dispossess warrant. We know too, that such a tenant occasionally commits acts of destruction in the premises or upon its appurtenances. It is to protect a landlord against that sort of misconduct and the added expense it entails that an undertaking or a deposit in court is required by a stay order providing for " costs and damages ".

To assume that an order staying the issuance or execution of a warrant is beneficial only to a tenant is incorrect. The landlord, too, is protected thereby. Should a reversal of a final order granted to a landlord occur upon appeal, the appellate court may direct that the tenant be restored to possession of the premises from which he was evicted (Civ. Prac. Act, § 1444). That is what the Court of Appeals directed in *Golde Clothes Shop* v. *Loew's Buffalo Theatres* (236 N. Y. 465) even though the landlord had demolished part of the premises after the tenant was dispossessed.

In the case of *Colonna & Co.* v. *Anthony M. Meyerstein, Inc.* (198 Misc. 556, 563, *supra*), recovery was sought by the plaintiff after it dispossessed the defendant, as here, upon two causes of action predicated upon an alleged wrongful withholding of possession and upon an undertaking to pay " any costs and damages and any damages or loss " because the plaintiff was kept out of possession. The trial court directed judgment dismissing the complaint on the merits, which was affirmed by the Appellate Division and leave to appeal to the Court of Appeals was denied. The theory upon which that case was tried is quite similar to the case at bar. The determination was eminently sound and should be followed here.

There can be no dispute that the stays granted to defendants herein were regular and proper under statutory right. The retention of possession by the defendants was neither unlawful nor wrongful whether as statutory tenants or by virtue of valid orders. Absent a violation of those orders, it should be held that there can be no recovery by the plaintiff upon her complaint and the concessions made at the trial.

The order of the Appellate Term should be reversed and the judgment of the City Court reinstated.

Peck, P. J., Bastow, Rabin and Cox, JJ., concur in decision; Frank, J., dissents and votes to reverse in opinion.

Determination affirmed, with costs and disbursements to the respondent. Settle order on notice. [See *post,* p. 950.]

■ ELIAS SAYOUR CO., INC., Appellant, v. J. P. STEVENS & CO., INC., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Bastow, Rabin and Cox, JJ.

■ RAVEL PERFUME CORPORATION, Appellant, v. PARFUMERIE LIDO, INC., et al., Respondents, et al., Defendant.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

■ RAVEL PERFUME CORPORATION, Appellant, v. PARFUMERIE LIDO, INC., et al., Defendants, and BERTHOLD DILLOFF, Doing Business as LIDO PRODUCTS Co., Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

■ MAX EISENBERG, on Behalf of Himself and All Other Stockholders of CENTRAL ZONE PROPERTY CORPORATION, Similarly Situated, Appellant, v. A. M.